JAMES W. TYNE *v.* JOHN DOUGHERTY.

April Term, 1875

EQUITY DEFECTIVELY STATED SUFFICIENT ON MOTION TO DISMISS.—A bill stating that the complainant's name appears on a justice's docket as stayor of a judgment rendered eight years ago; that he was not in fact stayor; and when he first learned that it was on the docket he caused the question to be tested before the justice, who, upon full investigation, decided that he was not bound, and complainant supposed the matter settled; but that the defendant recently, claiming to be the owner of the judgment, has caused execution to issue and to be levied on complainant's land, and the papers to be returned to court, and the land condemned, — contains equity, although defectively stated, and a motion to dismiss for want of equity will not lie.

*F. E. Williams*, for complainant.
*J. A. Cartwright*, for defendant.

THE CHANCELLOR:—The defendant has moved to dismiss the bill for want of equity on its face.

The bill alleges that on October 31, 1866, one T. Bays recovered a judgment before a justice of the peace against Dennis Connor for $109 and costs, of which judgment the defendant is the owner; that it appears on the docket of the said justice that complainant is the stayor; but complainant avers that he never stayed the judgment, or signed his name as stayor, or ever authorized any one to enter his name as stayor, or acknowledged it afterwards, and he denies that he is in any manner, shape, or form bound as

stayor, or otherwise, for said judgment; that when he learned that his name was on the docket as stayor, he caused the question to be tested before the magistrate, who, upon full investigation, decided that he was not bound, and had not signed his name, or authorized it to be signed, as stayor; that complainant supposed the question settled, and gave himself no further trouble in relation to the matter; that defendant has recently caused an execution to be issued on said judgment, and levied on certain realty as the property of complainant, and the papers returned to the Circuit Court, and the land condemned and ordered to be sold, and the same is now advertised to be sold on May 18, 1875; that complainant knew nothing of these proceedings until he saw the advertisement of sale in the public papers; that upon examining the magistrate's docket he finds that his name still appears as stayor, never having been erased or stricken out. The bill is filed to enjoin the sale, and have the judgment against him as stayor set aside and annulled.

The defendant's counsel does not deny that the complainant was entitled to be relieved against liability as stayor, upon the facts alleged, but insists that the proceedings stated to have been taken before the justice were *coram non judice*, and void; that the defendant has lost his remedy by laches; and that, the whole cause having been transferred to the Circuit Court by the removal of the papers to that court, for the condemnation of the land levied on, the remedy is by *supersedeas* of the execution at law.

It is true that the proceedings, whatever they were, which the complainant may have taken to test the question of his liability before the justice were probably without any warrant of law, and therefore void. But if the plaintiff in the judgment were a party to these proceedings, and acquiesced in the finding, so as to mislead the complainant, such action on his part would excuse the complainant's delay in resorting to his legal remedy. The bill does not

aver the presence of the plaintiff at law, and is certainly vague and unsatisfactory in regard to these proceedings. But I have held that a motion to dismiss for want of equity on the face of the bill will not lie if there be any equity whatever in the bill, although it be defectively stated. *Quinn* v. *Leake*, 1 Tenn. Ch. 67.

The objection to the jurisdiction of this court is based upon the assumption that the Circuit Court, by the transfer of the papers under the proceedings for the condemnation of the land, acquired entire jurisdiction of the cause; and upon the further assumption that, law and equity having concurrent jurisdiction to grant relief, the court first acquiring jurisdiction must decide. But the jurisdiction of the Circuit Court is based upon the complainant's liability as stayor, — not for the purpose of testing that liability. Besides, even if the defect in the judgment were apparent on its face, and the remedy, therefore, plain at law, it has been held that the party may come into equity. *Caruthers* v. *Hartsfield*, 3 Yerg. 366. And if the defect does not appear on the face of the proceedings, the jurisdiction to grant relief is perhaps exclusively in equity. *Ridgeway* v. *Bank of Tennessee*, 11 Humph. 523, 526; *Bell* v. *Williams*, 4 Sneed, 196, 199. And if the defect be one which can be made available at law, it can only be by a *certiorari* which carries up the judgment for consideration, and not by a *certiorari* to quash the execution. *Mason* v. *Westmoreland*, 1 Head, 555. Such a *certiorari* must be applied for within the time prescribed for taking up judgments in that mode. *Id.*; *Arnold* v. *Embree*, Peck, 134. If this time be allowed to pass, the only remedy is in equity, save in certain exceptional cases. *Wolf* v. *Eakerly*, 10 Heisk. 124; *Clark* v. *Stroud*, 1 Swan, 274; *Smith* v. *Wallace*, 4 Yerg. 372; *Stump* v. *Shepard*, Cooke, 190. A *certiorari* to quash the execution, while it might lie, would still leave the judgment in force. *Mabry* v. *The State*, 9 Yerg. 207; *Bartlett* v. *Wilkerson*, cited in King's Dig., sec. 11,208. The motion must be disallowed.